# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

ROBERT LEE JOHNSON, JR.                                                                         PLAINTIFF
ADC #100626

V.                         NO: 4:11CV00487 DPM/HDY

DOC HOLLADAY *et al.*                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of
>proof,  and a copy,  or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983 on June 16, 2011, naming as Defendants Pulaski County Sheriff Doc Holladay and certain John Does.  On July 29, 2011, Holladay filed a motion to dismiss, along with a brief in support (docket entries #7 & #8).  Although Plaintiff has been granted additional time to respond (docket entry #9), he has not done so.

### **I.  Standard of review**

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice

and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, he was assaulted by a Pulaski County deputy while handcuffed and detained at the Pulaski County Detention Facility's Northside Booking Facility. Plaintiff contends that he injured his elbow in the incident, and that the incident was covered up by administrators. Plaintiff alleges that Holladay hired the deputy who assaulted him.

Holladay claims that Plaintiff has failed to state a claim upon which relief may be granted because he is attempting to hold him liable on an improper *respondeat superior* basis. As Holladay notes, *respondeat superior* is not a basis of liability for § 1983 claims. *See Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no *respondeat superior* liability for § 1983 violations); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)(prison officials and supervisors may incur liability only for their personal involvement in a constitutional violation or for corrective inaction that amounts to deliberate indifference or tacit authorization of unconstitutional practices). Plaintiff's complaint contains no allegation that Holladay personally participated in any constitutional violation, or that his corrective inaction amounted to deliberate indifference or tacit authorization of unconstitutional practices. Accordingly, Holladay's motion to dismiss should be granted.

Plaintiff has also named as Defendants certain John Does, who appear to be the individuals actually involved in the alleged assault. However, Plaintiff has not provided a name for the Does, despite a September 12, 2011, order directing him to do so within 30 days (docket entry #11). That order also warned Plaintiff that his failure to provide names for the Does would result in the recommended dismissal of his claims against them. More than 30 days have passed, and Plaintiff has not provided names for the Does, or otherwise responded to the order. Accordingly, Plaintiff's claims against the Does should be dismissed. *See* Fed.R.Civ.P. 4(m) (providing for the without prejudice dismissal of action as to individual Defendant if service not made within 120 days of filing of complaint).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion to dismiss filed by Defendant Doc Holladay (docket entry #7) be GRANTED.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Holladay, and DISMISSED WITHOUT PREJUDICE in all other respects.

DATED this   24   day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE